62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilfredo A. DE JESUS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Democrito P. MAYO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Francisco P. MAYO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Gaudencio T. FELIPE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Narcisco C. REYES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Rogelio A. MAGANTE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Josefina P. MERCADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Roque G. SOLATORIO, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Nos. 94-3570, 94-3551, 95-3553 to 94-3556, 94-3564 and 94-3589.
 United States Court of Appeals, Federal Circuit.
 July 5, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
in Nos. 94 3551, 94 3553, 94 3554, 94 3555, 94
3556 and 94 3570 Nov. 8, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) files separate motions for summary affirmance of the Merit System Protection Board's decision, De Jesus et al. v. Office of Personnel Management, SE-0831-94-0135-I-1, holding that a number of former employees of the Department of the Navy or the Department of the Air Force were not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Democrito P. Mayo (no. 94-3551), Francisco P. Mayo (no. 94-3553), Gaudencio T. Felipe (94-3554), Narcisco C. Reyes (94-3555), Rogelio A. Magante (94-3556), Josefina P. Mercado (94-3564), Wilfredo A. De Jesus (94-3570), and Roque G. Solatorio, Jr. (94-3589) filed petitions for review in this court.[1] Reyes, Magante, and De Jesus oppose OPM's motion.[2] Mayo (Democrito P.), Felipe, and Mercado submit documents entitled "Informal Reply with Request of Settlement of Appeal." Solatorio has not responded.
 
 
 2
 Mayo (Democrito P.) was employed by the Navy from 1967 until 1992 in Cubi Point, the Philippines. Mayo (Francisco P.), Felipe, Reyes, Magante, and De Jesus were employed by the Navy from the mid-1960s until 1992 in Subic Bay, the Philippines. Mercado was employed by the Air Force from 1965 until 1991 at Clark Air Force Base in the Philippines. Solatorio was employed at Clark Air Force Base from 1974 until 1990, when he retired. All but Solatorio were separated from service when the respective bases closed. All of the petitioners applied for retirement benefits under the CSRA.
 
 
 3
 OPM denied the applications, and the employees appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that the employees were not entitled to benefits. The employees petitioned the Board for review. The Board reopened the appeals on its own motion and affirmed the initial decision as modified. The Board determined that the employees had served under excepted, indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). The Board concluded that, while an indefinite appointment could be different from a temporary appointment, the legislative history and OPM's longstanding interpretation showed that an indefinite appointment was a temporary appointment. The employees petitioned this court for review.
 
 
 4
 This court recently addressed this issue in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as including an indefinite appointment within the meaning of a temporary appointment because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520.
 
 
 5
 We agree with OPM that the Board's decision that the employees were not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 6
 In their oppositions and replies, the employees argue that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) All sides shall bear their own costs.
 
 
 
 [1]
 The Board issued a single, consolidated decision concerning the appeals of Mayo (Democrito P.), Mayo (Francisco P.), Felipe, Reyes, Magante, Mercado, De Jesus, Solatorio, and two others who did not petition this court for review
 
 
 [2]
 Mayo (Francisco P.), Reyes, Magante, and De Jesus filed their oppositions out of time. We treat their oppositions as motions for leave to file an opposition out of time, with opposition attached, and grant them. Mayo (Democrito P.) moves for an extension of time to file an opposition. We deny the motion